UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cory Williams, #314346,<br><br>         Petitioner,<br><br>vs.<br><br>Cecilia Reynolds, Warden,<br><br>         Respondent. | C/A No. 4:16-1503-RMG-TER<br><br><br><br>Report and Recommendation |

The Petitioner, Cory Williams ("Petitioner"), a *pro se* prisoner confined at Lee Correctional Institution, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c). Having reviewed the petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

## **BACKGROUND**

Petitioner filed the § 2254 Petition, by delivering it to prison officials to be mailed, on May 2, 2016. *See Houston v. Lack*, 487 U.S. 266, 271 (1988). On March 15, 2006, in the Circuit Court of General Sessions for Greenville County, the Petitioner was found guilty of armed robbery, kidnapping, and possession of a firearm during the commissioner of a violent crime and was sentenced to thirty, thirty, and five years, concurrent terms of imprisonment.

Petitioner filed a direct appeal to the South Carolina Court of Appeals, which was dismissed on November 10, 2008. Under SCACR Rule 221, Petitioner had fifteen days to petition for rehearing and did not. Therefore, Petitioner's conviction became final on November 25, 2008. Petitioner indicated that he filed his first application for post-conviction relief on May 7, 2009. Petitioner indicated that the Court of Common Pleas dismissed the PCR application on October 27,

2010.  Petitioner had 30 days to appeal the dismissal and did not.  Petitioner alleges he did not appeal the denial of his first PCR because he was unaware it had been dismissed and his attorney failed to timely appeal.  It appears Petitioner became aware of the PCR dismissal on December 14, 2012, if not before, because Petitioner filed a letter regarding a belated appeal in the court of common pleas.[1]

Petitioner filed a second PCR application on September 13, 2013, and the South Carolina Supreme Court dismissed it with the remittitur being filed in the lower court on March 14, 2016.  Petitioner indicated this PCR was his *Austin* review.

The court in an order (ECF No. 11) directed Petitioner to answer Special Interrogatories regarding timeliness and Petitioner complied.

## DISCUSSION

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings and motion to proceed *in forma pauperis* pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978);

---

[1] See generally, https://www2.greenvillecounty.org/SCJD/PublicIndex/PISearch.aspx (with search parameters limited by Petitioner's name).  The court may take judicial notice of factual information located in postings on government websites.  *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. Nov. 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

2

and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 390-91 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. Following the required initial review, it is recommended that the Petition submitted in this case should be summarily dismissed due to untimeliness.

With respect to his convictions and sentences, the petitioner's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, which remedies can be sought only after the petitioner has exhausted his state court remedies. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)); *see also* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Picard v. Connor*, 404 U.S. 270 (1971).

The petition in the above-captioned case is clearly untimely. The AEDPA, 28 U.S.C. 2244(d) provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The "delivery" date of the instant Petition is May 2, 2016. *Houston v. Lack*, 487 U.S. 266, 270-76 (1988) (prisoner's pleading was filed at moment of delivery to prison authorities for forwarding to District Court). The Petition, Special Interrogatories, and public records show the following periods of untolled time:

— November 25, 2008 (the date the Petitioner's conviction became final under SCACR Rule 221) to May 7, 2009 (the filing date for Petitioner's first state PCR action) (163 days)

— November 26, 2010 (30 days after the first PCR was dismissed on October 27, 2010, and not timely appealed) to September 13, 2013 (the filing date of

second PCR application and alleged[2] allowance of *Austin* review by state court) (1022 days)

— March 14, 2016 (the date the South Carolina Supreme Court remittitur[3] was filed in the lower court) to May 2, 2016 (the *Houston v. Lack* delivery date of the instant Petition) (49 days)

The time in which Petitioner's second PCR was pending — the time between the filing of the second PCR and the decision by the South Carolina Supreme Court — is tolled. Even when a petitioner is allowed by the state courts to file an untimely notice of appeal under *Austin v. State*, 409 S.E.2d 395 (S.C. 1991), such an allowance by the state courts does not make the notice of appeal timely/properly filed under AEDPA considerations. *McHoney v. South Carolina*, 518 F. Supp. 2d 700, 705 (D.S.C. 2007). Whenever the time for appealing the first PCR lapsed, "Petitioner's application for further appellate review ceased to be 'pending' for purposes of calculating the tolling of the federal limitations period." *Id.* Hence, the time between the failure to appeal the first PCR and the filing of the second PCR is untolled time and cannot be considered the "pending" of any properly filed PCR. *Id.*

Accordingly, the Petitioner has at least 40 months of untolled time. This aggregate time period exceeds the one-year statute of limitations of 28 U.S.C. § 2244(d). *See Harris v. Hutchinson*,

---

[2] Based on a liberal construction of the Petition on its face and based on public records, it appears from the time line that the state court granted an *Austin* review. *See Austin v. State*, 409 S.E.2d 395 (S.C. 1991).

[3] It matters not whether untolled time is run from the date the South Carolina Supreme Court dismissed his second PCR appeal or the date the remittitur was filed in the lower court, the Petition would still be untimely. *Cf. Beatty v. Rawski*, 2015 WL 1518083 (D.S.C. Mar. 31, 2015)(one-year limitations period for filing federal habeas petition remained tolled until remittitur on appeal from denial of post-conviction relief was filed in circuit court).

209 F.3d 325, 327 (4th Cir. 2000). Therefore, the present petition is time-barred and should be dismissed on that basis.

The habeas statute of limitations is subject to equitable tolling if Petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010)(internal citation and quotation omitted). The only facts Petitioner has pleaded in regard to equitable tolling is that his attorney failed to notify him of the first PCR's dismissal until a significant amount of time had past. Attorney failures generally do not rise to the level of *extraordinary* circumstances. *See Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000). Even if this court were to consider Petitioner's attorney's failure to be extraordinary circumstances, Petitioner has not shown that he has been pursuing his rights diligently. There is no evidence that warrants equitable tolling. Therefore, the Petition should be dismissed as barred by the statute of limitations. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002);[4] *see also Day v. McDonough*, 547 U.S. 198 (2006).

Furthermore, Petitioner alleges in both his Petition and the answers to the court's Special Interrogatories that any delay in appealing his first PCR was due to his PCR attorney's failure to notify him of its dismissal. Even if the court were to grant equitable tolling for this delay, Petitioner's habeas filing would still be untimely. Petitioner became aware on December 14, 2012, if not earlier, that the dismissal of his first PCR was not appealed. Petitioner filed a letter in the

---

[4] The Petitioner's right to file objections to this Report and Recommendation and responses to this court's Special Interrogatories constitute opportunities to object to a dismissal of this Petition based on the statute of limitations. *Hill v. Braxton*, 277 F.3d at 707 (habeas case; timeliness may be raised *sua sponte* if evident from face of pleading, but petitioner must be given warning and opportunity to explain before dismissal). *Cf. Bilal v. North Carolina*, 287 Fed. Appx. 241, 2008 WL 2787702 (4th Cir. July 18, 2008).

lower court at that time in regard to a belated appeal. Considering the requirement of petitioner's diligent pursuit for a grant of equitable tolling, Petitioner was not diligent from December 2012 to September 2013. In December 2012, Petitioner did not attempt to file a habeas petition or file a second PCR seeking an *Austin* review. Petitioner did not file his second PCR until September 2013. Even if this court were to grant Petitioner equitable tolling based on Petitioner's allegations and thus toll the time from October 27, 2010(denial of first PCR) until December 14, 2012(Petitioner's knowledge of denial), a total of 779 days tolled, Petitioner would still have 455 days of untolled time. In conclusion, the Petition would still be time-barred even if this court found meritorious any equitable tolling grounds pleaded in the Petition.

## **RECOMMENDATION**

Accordingly, it is recommended that the § 2254 Petition be dismissed *with prejudice and without requiring the respondent to file a return* because the Petition is clearly untimely under the one-year limitations provision of the AEDPA, 28 U.S.C. § 2244(d).

|  |  |
|---|---|
| | s/ Thomas E. Rogers, III |
| September 9, 2016 | Thomas E. Rogers, III |
| Florence, South Carolina | United States Magistrate Judge |

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).