IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Cory Williams, #*314346*, | ) | Civil Action No. 4:16-1503-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Cecilia Reynolds, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending the petition for habeas relief under 28 U.S.C. § 2254 be summarily dismissed without requiring Respondent to file a return. For the reasons set forth below, the Court declines to adopt the Report and Recommendation and recommits the petition to the Magistrate Judge for further proceedings.

I.  **Background**

On March 15, 2006, petitioner was convicted of armed robbery, kidnapping, and possession of a firearm during a violent crime and was sentenced to thirty years' imprisonment. Petitioner's direct appeal was dismissed on November 10, 2008. On May 7, 2009, he first applied for post-conviction relief ("PCR"), which was denied on October 27, 2010. Petitioner alleges he did not appeal the denial of his first PCR application because he was unaware it had been dismissed and his attorney failed to timely appeal. Petitioner became aware of the dismissal no later than December 14, 2012, because he filed a letter regarding the issue in the court of common pleas. On September 13, 2013, petitioner again applied for post-conviction relief, alleging his counsel for his first PCR application failed to seek timely appellate review and seeking a review under *Austin v. South Carolina*, 409 S.E.2d 395 (1991). That second application was denied; the remittitur was

-1-

filed in the lower court on March 14, 2016. Petitioner filed the present petition on May 2, 2016. On September 9, 2016, the Magistrate Judge recommended summary dismissal (Dkt. No. 18), to which Petitioner objected on September 27, 2016 (Dkt. No. 20).

## II.     Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

## III.    Discussion

The Magistrate Judge recommends summary dismissal of the petition, without requiring a return to be filed, because the petition is clearly untimely and because there is no basis for equitable tolling of the limitations period. A petition for habeas corpus must be filed within one year of the latest of several triggering dates given by statute. 28 U.S.C. § 2244(d)(1). The limitations period is tolled during the pendency of PCR proceedings, 28 U.S.C. § 2244(d)(2), and is also subject to

equitable tolling, *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). The Court agrees the present petition is untimely by over two years. (Dkt. No. 18 at 4–5 (calculating accrual dates and tolling periods regarding the present petition).) The Magistrate Judge determined equitable tolling unwarranted, finding that "[t]he only facts Petitioner has pleaded in regard to equitable tolling is that his attorney failed to notify him of the first PCR's dismissal," that "[a]ttorney failures generally do not rise to the level of extraordinary circumstances," and that "[e]ven if the court were to grant equitable tolling for this delay, Petitioner's habeas filing would still be untimely" because Petitioner did not file his second PCR application until nine months after he became aware of the dismissal of his first PCR application. (Dkt. No. 18 at 6–7.)

The Court finds no error or fault with the analysis of the Magistrate Judge. Petitioner's objections to the Report and Recommendation, however, raise a factual issue not presented to the Magistrate Judge that prevents summary dismissal of the petition. The Magistrate Judge observes "Petitioner was not diligent from December 2012 to September 2013," and so even if the period when Petitioner was allegedly unaware of the denial of his first PCR application were equitably tolled, his petition would nonetheless be untimely. (*Id.* at 7.) Petitioner objects he was admitted "into a psychiatric hospital" and incompetent during "most of that interval." (Dkt. No. 20.) Publicly available prison records indicate several medical movements of petitioner during that period. *See Incarcerated Inmate Search*, S.C. Dep't of Corrs., http://public.doc.state.sc.us/scdc-public/ (last visited September 28, 2016). Petitioner's objection may be baseless, but, when considering summary dismissal, the Court cannot assume so. "Summary dismissal of habeas allegations is 'warrant[ed]' only if a habeas petitioner's allegations . . . are 'palpably incredible' or 'patently frivolous or false.'" *United States v. White*, 366 F.3d 291, 297 (4th Cir. 2004) (quoting *Blackedge v. Allison*, 431 U.S. 63, 76 (1977)).

The medical issue raised in Petitioner's objections is relevant only if the Court were to toll the period when his attorney allegedly failed to notify him of the dismissal of his first PCR application. Attorney failures generally are not extraordinary circumstances justifying equitable tolling. *See Harris v. Hutchinson*, 209 F.3d 325, 330–31 (4th Cir. 2000) (holding mistake by counsel regarding calculation of the limitations period does not justify equitable tolling); *McHoney v. South Carolina*, 518 F. Supp. 2d 700, 706 (D.S.C. 2007) (holding counsel's mistaken failure to file a timely notice of appeal does not justify equitable tolling). Although it appears unlikely equitable tolling of the period from October 27, 210 to December 14, 2012 is warranted, the Court cannot on the present record find it "palpably incredible" that "extraordinary circumstances beyond plaintiff[']s[] control made it impossible" to file a timely appeal. *See Harris*, 209 F.3d at 330 (internal quotation marks omitted). The Court therefore recommits this matter to the Magistrate Judge to resolve the issue raised in Petitioner's objection.

## IV.  Conclusion

For the foregoing reasons, the Court **DECLINES TO ADOPT** the Report and Recommendation of the Magistrate Judge (Dkt. No. 18) as the Order of the Court and **RECOMMITS** this matter to the Magistrate Judge for further proceedings.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 28, 2016
Charleston, South Carolina