# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| CORY WILLIAMS, ) | C/A No. 4:16-1503-RMG-TER |
| Petitioner, ) vs. ) | REPORT AND RECOMMENDATION |
| CECILIA REYNOLDS, WARDEN, ) Respondent. ) | |

Petitioner, Cory Williams ("Petitioner/Williams"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on May 9, 2016.[2] Respondent filed a motion for summary judgment on December 6, 2016, along with a return and supporting memorandum. The undersigned issued an order filed December 7, 2016, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to file a response. Petitioner filed a response on

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

[2] The undersigned issued a report and recommendation on September 9, 2016, recommending summary dismissal. Based on the objections filed by the Petitioner, the District Judge declined to accept the report and recommendation and recommitted the matter to the magistrate judge.

January 17, 2017, and Respondent filed a reply on January 23, 2017. (Docs. #40 and #41).

## PROCEDURAL HISTORY

Petitioner is currently confined at the Lee Correctional Institution in the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Greenville County. Petitioner was indicted by the Greenville County Grand Jury during the September 2005 term for Kidnapping, armed robbery, and Possession of a Weapon During a Violent Crime.

On March 14, 2006, Petitioner was tried by a jury before the Honorable Edward W. Miller. Petitioner was represented by Christopher T. Posey, Esquire. The jury found Petitioner guilty as indicted. Judge Miller sentenced Petitioner to thirty (30) years for both kidnappng and armed robbery and five (5) years on the gun charge with all sentences to be served concurrently.

### Direct Appeal

Petitioner filed and served a Notice of Appeal. Petitioner filed an <u>Anders</u> brief to the South Carolina Court of Appeals raising the following issue:

1. The trial judge denied Williams due process by apparently considering his exercise of the right to a jury trial in determining

2

his sentence.

(Anders brief).  Appellant counsel asked to be relieved as counsel. On November 10, 2008, the South Carolina Court of Appeals filed an order affirming the conviction. The court issued the remittitur on November 26, 2008.

**First PCR Action**

On May 7, 2009, Petitioner filed an Application for Post-Conviction Relief (PCR) asserting claims of ineffective assistance of trial counsel, illegal search and seizure and subject matter jurisdiction. An evidentiary hearing was convened on August 25, 2010, before the Honorable D. Garrison Hill. Petitioner was present and represented by Elizabeth P. Wiygul, Esquire, at the hearing. By order dated October 25, 2010, Judge Hill denied and dismissed the PCR application with prejudice.  (Tr. 281-287).

**Second PCR Action**

On September 13, 2013, Petitioner submitted a second PCR application seeking a belated appeal  pursuant to Austin v. South Carolina, 409 S.E.2d 395 (1991) from the denial of his first PCR application alleging his PCR counsel failed to seek timely appellate review. On March 12, 2015, a consent order was issued by the Honorable

Robin B. Stillwell, Circuit Court Judge, granting Petitioner his request for a belated appeal from the denial of his first PCR application pursuant to Austin v. State, supra.

**PCR Appeal**

As previously set forth, Petitioner's first application for PCR was denied by Judge Hill. Judge Stilwell granted Petitioner a belated review pursuant to Austin v. State, supra. Therefore, Petitioner's counsel filed a Johnson petition for writ of certiorari from Judge Hill's order denying the first PCR application. The South Carolina Supreme Court granted the petition for a writ of certiorari from Judge Stilwell's order and proceeded with an Austin review of the first PCR order by Judge Hill. By order dated February 11, 2016, the State Supreme Court denied the Johnson petition. The remittitur was issued on February 29, 2016, and filed in the lower court on March 14, 2016. Petitioner did not file this federal habeas petition until May 9, 2016, with a Houston v. Lack delivery date of May 5, 2016.

**GROUNDS FOR RELIEF**

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds for relief, quoted verbatim in part:

GROUND ONE:     Ineffective Assistance of Counsel

| | |
|---|---|
| Supporting Facts: | Counsel failed to motion for a suppression of illegally obtained evidence. Counsel failed to move to dismiss the charges when more than 180 days elapsed after the arrest. Counsel failed to object to prosecutorial misconduct the illegally obtained evidence prejudiced me at trial. The prosecutor made statements to the jury based on his personal opinion and belief of my guilt and credibility of state witness. |
| GROUND TWO: | Illegal Search and Seizure |
| Supporting Facts: | In this case the detective inspected my property and after satisfying the ends of an inventory, did not determine that it had evidentiary value. Subsequently, he further examined the property and decided it did have evidentiary value. Having satisfied himself of the requisites of the inventory search, he had no purpose other than investigation in further inspecting the property. Such a warrantless search violates the 4th Amendment. |

(Petition).

## **SUMMARY JUDGMENT**

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's

5

function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court  assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317.  Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and

inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992).  The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## DISCUSSION AS TO STATUTE OF LIMITATIONS

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.

The Respondent asserts that the Petitioner's claims must be dismissed as untimely. In his response in opposition, Petitioner argues that his case should not be dismissed as untimely because he is "a mental patient who has been hospitalized several times during his period of litigation and has been assessed by SCDC Mental Health Professionals and labeled as mentally unaccountable on many occasions falling within the time intervals in which he has been expected to have been diligent in his legal pursuit. . ." (Doc. # 40). Petitioner argues that he was not aware of habeas corpus being an option for relief until recently. Id.

As indicated in the order of September 28, 2016, the present petition is untimely. (See doc. # 18 at 4-5; doc. #22 at 3). Therefore, the petition is barred from federal habeas review by the statute of limitations absent equitable tolling.[3]

The United States Supreme Court has held that the federal one year statute of

---

[3] The District Judge recommitted the matter to the undersigned because a summary dismissal is appropriate only if the allegations in the petition are "palpably incredible" or "patently frivolous or false." (Doc. # 22 at 3) (internal citations omitted). The matter is presently before the court on motion of Respondent for summary judgment.

8

limitations can be subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2552–2554, 2560–2562 (2010); see also Rouse v. Lee, 314 F.3d 698, 704 (4th Cir.2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir.2000)). Circumstances will rarely warrant equitable tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y.2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir.2000); Marengo, 342 F.Supp.2d at 230. "[T]he party seeking equitable tolling must [also] have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (*quoting* Warren, 219 F.3d at 113); see also Holland, 130 S.Ct. at 2562 [" 'Petitioner is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing."] (*quoting* Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

  Petitioner asserted in his petition that his PCR attorney failed to file a notice of appeal from the denial of his first PCR application and did not notify him of the first

9

PCR's dismissal until the time period to appeal had expired. Thus, it appears Petitioner is arguing that his PCR attorney's failure to file a notice of appeal or notify him of the dismissal would justify equitable tolling from October 27, 2010, to December 14, 2012. However, attorney failures generally are not extraordinary circumstances to justify equitable tolling. See Asbury v. Stevenson, 210 WL 3814477, *7 (D.S.C. 2010)(attorney's failure to send copy of remittitur to petitioner does not amount to extraordinary circumstances); McHoney v. South Carolina, 518 F. Supp. 2d 700, 706 (D.S.C. 2007) (holding counsel's mistaken failure to file a timely notice of appeal does not justify equitable tolling); Harris v. Hutchinson, supra. Petitioner has not presented evidence that warrants equitable tolling.[4] Therefore, the petition should be dismissed as barred by the statute of limitations, and Respondent's motion for summary judgment should be granted.

---

[4] The medical issue raised by Petitioner is relevant only if the court were to toll the period when his attorney allegedly failed to notify him of the dismissal of his first PCR application. Since the court finds the time period when his attorney allegedly failed to notify him of the dismissal does not warrant equitable tolling, the court need not address whether or not Petitioner was diligent from December 2012 to September 2013, the time period Petitioner asserts he was "mentally unaccountable on many occasions falling within the time intervals in which he has been expected to have been deligent(sic) in his legal pursuit." (Doc. #40). Nonetheless, Petitioner fails to show equitable tolling should be applied to the time period prior to December 2012.

## CONCLUSION

For the above stated reasons, it is RECOMMENDED that Respondent's motion for summary judgment (document #35) be GRANTED, and the petition be dismissed without an evidentiary hearing.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 1, 2017
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**