IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Cory Williams, #*314346*, ) | Civil Action No. 4:16-1503-RMG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Cecilia Reynolds, *Warden*, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending the petition for habeas relief under 28 U.S.C. § 2254 be dismissed as untimely. For the reasons set forth below, the Court adopts the Report and Recommendation, grants Respondent's motion for summary judgment, and dismisses the petition.

I.  **Background**

On March 15, 2006, petitioner was convicted of armed robbery, kidnapping, and possession of a firearm during a violent crime and was sentenced to thirty years' imprisonment. Petitioner's direct appeal was dismissed on November 10, 2008. On May 7, 2009, he first applied for post-conviction relief ("PCR"), which was denied on October 27, 2010. Petitioner alleges he did not appeal the denial of his first PCR application because he was unaware it had been dismissed and his attorney failed to timely appeal. Petitioner became aware of the dismissal no later than December 14, 2012, because he filed a letter regarding the issue in the court of common pleas. On September 13, 2013, petitioner again applied for post-conviction relief, alleging his counsel for his first PCR application failed to seek timely appellate review and seeking a review under *Austin v. South Carolina*, 409 S.E.2d 395 (1991). That second application was denied; the remittitur was filed in the lower court on March 14, 2016. Petitioner filed the present petition on May 2, 2016.

On September 9, 2016, the Magistrate Judge recommended summary dismissal of the petition as untimely (Dkt. No. 18), to which Petitioner objected on September 27, 2016 (Dkt. No. 20). Petitioner's objections asserted that the limitations period should be equitably tolled because he had been hospitalized. The Court recommitted the matter to the Magistrate Judge to consider Petitioner's objections. (Dkt. No. 22.) On March 1, 2017, the Magistrate Judge recommended summary judgment for Respondent. (Dkt. No. 42.) Petitioner has filed no objections.

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## III. Discussion

A petition for habeas corpus must be filed within one year of the latest of several triggering dates given by statute. 28 U.S.C. § 2244(d)(1). The limitations period is tolled during the pendency of PCR proceedings. 28 U.S.C. § 2244(d)(2). The limitations period is also equitably

tolled in extraordinary circumstances. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). A petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted).

In this case, the record shows three periods of untolled time: (1) 163 days from November 25, 2008 (date Petitioner's conviction became final) to May 7, 2009 (filing of first PCR application; (2) 1022 days from November 26, 2010 (date appeal period lapsed for denial of first PCR application) to September 13, 2013 (filing date of second PCR application); and (3) 49 days from March 14, 2016 (date the South Carolina Supreme Court's remittitur was filed in lower court) to May 2, 2016 (filing date for present petition). (*See* Dkt. No. 18 at 4–5 (calculating accrual dates and tolling periods regarding the present petition).) The petition therefore is untimely by 869 days.

Petitioner argues that time should be equitably tolled for two reasons: (1) his attorney allegedly failed to appeal the denial of the PCR application or to notify Petitioner of the denial, which Petitioner allegedly learned of on December 14, 2012, and (2) he was hospitalized for most of the period from December 2012 to September 2013. (*See* Dkt. No. 20.) But, even if Petitioner's assertions are assumed true, he fails to show extraordinary circumstances justifying equitable tolling for a period exceeding two years. Attorney failures generally are not extraordinary circumstances justifying equitable tolling. *See, e.g.*, *Harris v. Hutchinson*, 209 F.3d 325, 330–31 (4th Cir. 2000) (holding mistake by counsel regarding calculation of the limitations period does not justify equitable tolling); *McHoney v. South Carolina*, 518 F. Supp. 2d 700, 706 (D.S.C. 2007) (holding counsel's mistaken failure to file a timely notice of appeal does not justify equitable tolling). Petitioner cannot toll 749 days from the limitations period (November 26, 2010 to December 14, 2012) simply by claiming he was not speaking with his attorney. Thus, even if the

Court were to toll the limitations period for the claimed hospitalization period of December 2012 to September 2013, the present petition would be untimely by well over a year.

## IV. <u>Conclusion</u>

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (Dkt. No. 42) as the Order of the Court, **GRANTS** Respondent's motion for summary judgment (Dkt. No. 36), and **DISMISSES** the petition (Dkt. No. 1).

### Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

March 23, 2017
Charleston, South Carolina